**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SCOTT PHILLIP LEWIS,

                        Plaintiff,

     v.

ONONDAGA COUNTY, NY, *et al.*,

                        Defendants.

8:24-CV-13
(GTS/DJS)

---

SCOTT PHILLIP LEWIS,

                        Plaintiff,

     v.

ADIRONDACK MEDICAL CENTER,

                        Defendant.

8:24-CV-27
(BKS/DJS)

---

SCOTT PHILLIP LEWIS,

                        Plaintiff,

     v.

CITIZENS UNITED, INC.,

                        Defendant.

8:24-CV-29
(TJM/DJS)

---

---

SCOTT PHILLIP LEWIS,

                              Plaintiff,

       v.                                                     8:24-CV-61 (BKS/DJS)

AFFILIATED ENTERPRISE SOLUTIONS, LLC, *et al.*,

                              Defendants.

---

SCOTT PHILLIP LEWIS,

                              Plaintiff,

       v.                                                 8:24-CV-68 (BKS/DJS)

REDLINE HOCKEY, LLC, *et al.*,

                              Defendants.

---

SCOTT PHILLIP LEWIS,

                              Plaintiff,

       v.                                                 8:24-CV-69 (AMN/DJS)

R.L. VALLEE, INC.,

                              Defendant.

---

**APPEARANCES:**                                           **OF COUNSEL:**

SCOTT PHILLIP LEWIS
Plaintiff *Pro Se*
Lake Placid, New York 12946

**DANIEL J. STEWART**
**United States Magistrate Judge**

**ORDER**

On January 25, 2024, this Court issued an Order in each of these cases denying Plaintiff's request that the Clerk of the Court issue summonses despite the fact that Plaintiff's applications to proceed *in forma pauperis* ("IFP") had not yet been granted and no review of the Complaints had yet been done as required by 28 U.S.C. § 1915. *See*, *e.g.*, 8:24-CV-13, Dkt. No. 7. Plaintiff now seeks reconsideration of those Orders. *See*, *e.g.*, 8:24-CV-13, Dkt. Nos. 8, Motion & 8-1, Pl.'s Mem. of Law. The Motions for Reconsideration are denied.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court 'overlooked' and that might 'reasonably be expected to alter the conclusion reached by the court.'" *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff sets forth several grounds for reconsideration, none of which meet the strict standard required for granting the Motion.

Plaintiff first takes exception to the authorities the Court relied upon in denying the request to issue summonses. Motion at p. 3. He objects that the Court "did not offer any case law or Federal statutes that are binding on this Court." *Id.* The Court, however, did rely on a binding federal statute in citing 28 U.S.C. § 1915. Order at p. 3. Moreover, that Plaintiff disagrees with the cases cited by the Court is not a basis for reconsideration. *Schottenstein v. Schottenstein*, 2005 WL 912017, at *2 (S.D.N.Y. Apr. 18, 2005). Issuance of summonses as requested by Plaintiff is clearly contrary to L.R. 5.1.4 which provides: "*Prior to the Marshal serving process* pursuant to 28 U.S.C. § 1915(d) and L.R. 5.1(e), the Court shall review all actions filed pursuant to 28 U.S.C. § 1915(g) to determine whether sua sponte dismissal is appropriate." (emphasis added). This Court's prior Order merely cited additional persuasive authorities to explain the conclusion. That is clearly not a basis for reconsideration.

Plaintiff also appears to argue that the Order is unjust because it prejudices his right to proceed with the case. Motion at pp. 3-4. Plaintiff's argument appears to be that he is prejudiced by the delay in issuing summonses pending review of his *in forma pauperis* application and that no harm would come from issuing summonses now since the cases could be dismissed later if the applications were later denied. *Id.* at p. 4. What this argument overlooks is that together with consideration of the application for *in forma*

*pauperis* status, the Court must review Plaintiff's Complaints under 28 U.S.C. § 1915. Until that review is complete service upon one or more Defendants is clearly premature. *See Morse v. United States Postal Serv.*, 2018 WL 3575654, at *5 (W.D.N.Y. July 25, 2018) (discussing the process for review of cases under 28 U.S.C. § 1915).

Finally, Plaintiff objects that this Court's citation to *Arroyo v. Georgia*, 2023 WL 4539770, at *4 (N.D. Ga. May 30, 2023) "contains a quote that is not properly cited or does not exist." Pl.'s Mem. of Law at p. 5. As evidence, Plaintiff provides a slip opinion from a case captioned *Arroyo v. Colbert* which does not include the above quotation. Motion at Ex. B. The confusion is easily explained. As noted in the citation, the Court quoted from a decision issued May 30, 2023. The opinion provided by Plaintiff was March 28, 2018. *Id.*[1] The quote to which Plaintiff objects does, in fact, appear in the case cited by the Court, a copy of which is annexed to this Order.

For these reasons the Motions for Reconsideration are **DENIED**.

The Clerk of the Court is directed to serve a copy of this Order upon the Plaintiff.

Dated: February 20, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] Nor are the two decisions even from the same case. The case cited by the Court was filed in 2022, as evidenced by the case number 22-CV-1689. The case provided by Plaintiff bears the case number 18-CV-848.

🚩 KeyCite Blue Flag – Appeal Notification
Appeal Filed by   VALERIE ARROYO v. STATE OF GEORGIA,   11th Cir., July 6, 2023

2023 WL 4539770
Only the Westlaw citation is currently available.
United States District Court,
N.D. Georgia, Atlanta Division.

Valerie ARROYO, Plaintiff,
v.
State of GEORGIA, Defendant.

CIVIL ACTION FILE No. 1:22-CV-01689-SCJ
|
Signed May 30, 2023

**Attorneys and Law Firms**

Valerie Arroyo, Concord, NC, Pro Se.

### ORDER

STEVE C. JONES, UNITED STATES DISTRICT JUDGE

**\*1** This matter appears before the Court on Plaintiff's applications to proceed *in forma pauperis* ("IFP"). [1] Doc. Nos. [1]; [3]. The Magistrate Judge issued a Report and Recommendation on November 9, 2022 recommending that Plaintiff's IFP application be denied because Plaintiff failed to provide sufficient evidence of indigency. Doc. No. [6]. Plaintiff timely filed objections to the Report and Recommendation. Doc. No. [8]. She also later filed two motions captioned as a "Request for Pre-Trial Conference and Scheduling Order" and a "Motion for Expedited Status Conference." Doc. Nos. [9]; [10].

In this Order, the Court addresses these pending submissions and determines that Plaintiff is to be granted IFP status, but that she has not stated a non-frivolous claim for relief in her complaint. Thus, to the extent necessary, the Magistrate's order on Plaintiff's financial affidavit (Doc. No. [4]) is **VACATED** and the Magistrate's Recommendation is **REJECTED** (Doc. No. [6]). Plaintiff IFP application, however, is **DENIED** (Doc. Nos. [1]; [3]), and her case is accordingly **DISMISSED WITHOUT PREJUDICE**. Plaintiff's two remaining motions (Doc. No. [9]; [10]) are **DENIED AS MOOT**. The Court finally **GRANTS** Plaintiff **14-days** to file an amended complaint in accordance with the instructions in this Order.

**I. BACKGROUND**
Plaintiff filed her first IFP application on April 28, 2022. Doc. No. [1]. In the complaint attached to her application, [2] Plaintiff recounts her ongoing state criminal proceedings, which arose from a traffic stop in December 2016 and law enforcement finding a small amount of marijuana. Doc. No. [1-1], 2–3. From 2017 until 2021, Plaintiff appeared in state criminal court several times but has yet to have a jury trial. [3] Id. at 3–5. Plaintiff is not detained, but contends that her bail money has not been released and that the judge in the criminal case has not permitted her to pursue a civil legal action. Id. at 5. She makes a variety of unclear constitutional claims that appear to be brought under Section 1983, as well as state law claims of negligence, defamation, slander, and unfair deceptive practices. Id. at 6–12.

On June 28, 2022, the Magistrate Judge issued an order directing the Plaintiff to file an amended IFP application within 21-days or pay the full filing fee because Plaintiff had failed to complete the financial affidavit for indigency status. Doc. No. [2]. Plaintiff then submitted an amended, but still incomplete, IFP financial affidavit on July 8, 2022. Doc. No. [3]. On July 20, 2022, the Magistrate Judge again directed Plaintiff to resubmit a completed application or pay the full filing fee. Doc. No. [4]. The Magistrate Judge also warned Plaintiff that failure to comply would result in its recommendation to this Court that the action be dismissed. Id.

**\*2** Plaintiff failed to respond. On November 9, 2022, therefore, the Magistrate Judge recommended that this Court deny Plaintiff's IFP application for failure to provide evidence of indigency and to dismiss the action without prejudice. Doc. No. [6]. Plaintiff filed objections to the Report and Recommendation on November 22, 2022. Doc. No. [8]. Plaintiff also submitted two motions in January 2023: a request for a pre-trial conference and scheduling order (Doc. No. [9]) and a motion for expedited status conference (Doc. No. [10]).

In this Order, the Court addresses Plaintiff's IFP applications, the Magistrate's Report and Recommendation to dismiss the case, Plaintiff's objections, and Plaintiff's two remaining motions. Doc. Nos. [1]; [3]; [6]; [8]; [9]; [10].

## II. LEGAL STANDARD

This Order addresses both an application to proceed *in forma pauperis* and objections to a Magistrate Court's Report and Recommendation, thus the following legal standards are applicable.

### A. Standards to Proceed *In Forma Pauperis*

The Court "may authorize the commencement ... of any suit, action or proceeding, civil or criminal ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [she] possesses that the person is unable to pay such fees or give security therefor." [4] 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful and equal access to the judicial system. Neitzke v. Williams, 490 U.S. 319, 324 (1988); Adkins v. E.I. duPont de Nemours & Co., 335 U.S. 331, 342-43 (1948); Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997). The affidavit required must show an inability to prepay fees and costs without foregoing the basic necessities of life. Adkins, 335 U.S. at 339. Section 1915 does not, however, create an absolute right to proceed in civil actions without payment of costs. The statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is *not frivolous or malicious*.[5] Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969).

28 U.S.C. § 1915(e)(2)(B)(ii) requires a federal court to dismiss an *in forma pauperis* complaint if it determines that the complaint fails to state a claim for relief. To state a claim for which relief may be granted, a plaintiff may not merely plead facts that make a claim to relief conceivable; instead, a plaintiff must plead sufficient facts to demonstrate that a claim is plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 433, 570 (2007). An IFP complaint must also be dismissed under Section 1915 if it is frivolous or malicious, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff files her amended complaint *pro se* and so the Court will "liberally construe[ ]" it. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 49 U.S. 97, 106 (1976)).

### B. Standards Governing Objections to a Magistrate's Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of the portions of the Magistrate's Recommendation to which Plaintiff has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made. See 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980). However, a party's objection only receives *de novo* review when the party "clearly advise[s] the district court and pinpoint[s] the specific findings that [she] disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). The district court need not consider general objections. Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). The Court assesses for clear error only the parts of a Recommendation to which there is no specific objection. See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006).

## III. ANALYSIS

**\*3** The Court proceeds as follows. It first addresses the Magistrate Court's Recommendation to deny Plaintiff's IFP status and to dismiss her case, as well as Plaintiff's objections thereto. The Court ultimately rejects the Magistrate Court's Recommendation, and grants Plaintiff IFP status for purposes of dismissing her case, without prejudice, under frivolity review. Finally, the Court addresses Plaintiff's two other motions in the light of the dismissal of her IFP application and complaint.

### A. The Magistrate Judge's Recommendation Regarding Indigency

Twice now the Magistrate Judge has directed Plaintiff to file a completed IFP financial affidavit to prove her indigency. Doc. Nos. [2]; [4]. Regarding Plaintiff's amended affidavit, the Magistrate Judge determined that Plaintiff corrected some of the original omissions but failed to answer all the questions provided. Doc. No. [4]. The Magistrate Judge also questioned the veracity of Plaintiff's affidavit given that she asserted such a trivial monthly income. Id. As such, the Magistrate Court ultimately determined that it had insufficient information to determine if Plaintiff qualified for IFP status and ordered Plaintiff to refile the affidavit or pay the filing fee within 21-days of its July 20, 2022 order. Id.

Plaintiff did not further amend her financial affidavit or pay of filing fee, and so, on November 9, 2022, the Magistrate Court recommended denying Plaintiff IFP status and dismissing the case for failure to follow the Court's directions. Doc. No. [6]. Plaintiff objected. Doc. No. [8]. The Court has distilled Plaintiff's objections to be that: (1) that the Report and Recommendation was incomplete, (2) that Plaintiff did not consent to a Magistrate Judge resolving her case, (3) the treatment of the case lacked speedy resolution, (4) the Clerk's Office erred under Rule 79 for failing to issue a summons, (5) her indigency status in her criminal case proves that she meets the indigency requirement to proceed IFP, and (6) the Recommendation violates her constitutional rights. See Doc. No. [8]. The Court addresses these objections in two categories: those that relate to Plaintiff's indigency application and those that do not.

### 1. *Plaintiff's Objections Unrelated to Her IFP Status*

In large part, Plaintiff's objections to the Report and Recommendation do not address the reason the Magistrate Judge recommended dismissing her case—that her financial affidavit did not provide the Magistrate Judge with adequate information to assess indigency. Plaintiff objects primarily to the process and procedure in her case, namely that her IFP application was submitted to a Magistrate Judge for initial review without her consent, that the case has not been handled expeditiously, that the Recommendation failed to contain findings of fact or conclusions of law, and that the Clerk's office has failed to issue a summons in this matter.

The Court overrules Plaintiff's objections. First, the Court acknowledges that Plaintiff's case has been in the preliminary IFP process longer than is ideal. The lengthiness of these pending submissions, however, have not created any reason for rejecting the Magistrate Judge's Recommendation, especially given that part of the delay has been a result of Plaintiff's inadequate financial affidavits and failure to respond to the Magistrate Judge's orders. Thus, Plaintiff's objection on this basis is overruled (Doc. No. [8], 3–4). The Court, however, commits to Plaintiff that any further consideration of her case (including any amendments to her complaint) will proceed expeditiously.

**\*4** The procedural treatment of Plaintiff's case, moreover, has not been erroneous. Submissions to proceed IFP have been delegated to Magistrate Judges. See Standing Order 18-01, NDGa. [6] Unless the Parties have consented to proceed before a Magistrate Judge, only after a the IFP review process is complete does the submission to the Magistrate Judge terminate. See id. This delegation to Magistrate Judges complies with the statutory requirements under 28 U.S.C. § 636. Indeed, the Eleventh Circuit has implicitly endorsed a Magistrate Judge's review of IFP applications and dismissal based on failure to meet the statutory requirements. [7] See, e.g., Thomas v. Clayton Cnty. Bd. of Comm'rs, No. 22-10762, 2023 WL 1487766, at \*4 (11th Cir. Feb. 3, 2023) ("With respect to the section 1915 review, the district court (*and magistrate judge*) did exactly what the statute authorizes: screen [petitioner's] *in forma pauperis* complaint and then dismiss the claims it determined [petitioner] had failed to adequately plead."(emphasis added)).

Accordingly, the Court overrules Plaintiff's objections relating to her IFP application being considered by a Magistrate Judge (Doc. No. [8], 1). Moreover, given that the Magistrate's review of the application was limited to an indigency determination, the Court overrules Plaintiff's objections regarding the Magistrate Judge's substantive treatment of her case (*i.e.*, that there were no findings of fact or conclusions of law, id. at 4) because the Magistrate Judge was only required to, and indeed completed, thorough consideration of Plaintiff's financial affidavits to determine indigency.

Nor does Plaintiff raise a valid objection regarding the Clerk's failure to issue a summons. Id. at 3. Under Rule 4(b), Plaintiff is responsible for presenting a summons to the clerk and serving it on Defendant, even when proceeding *in forma pauperis*. Trupei v. United States, 304 F. App'x 776, 780 (11th Cir. 2008). While Plaintiff attached a summons form to the complaint (Doc. No. [5-2]), it is only after the Court determines that Plaintiff may proceed *in forma pauperis* and has stated a non-frivolous claim that the Court directs the Clerk's office to send the summons form to Plaintiff for completion. Cf. Lucy v. Walter Mortg. Co., No. CIV.A.08-0415-WS-C, 2008 WL 4490621, at \*1 (S.D. Ala. Sept. 29, 2008) (disallowing a Clerk from issuing a summons when a plaintiff had not been granted IFP status because "federal courts 'will ordinarily refuse to allow the litigation to proceed beyond the filing of a complaint until the fee is paid or a motion to proceed *in forma pauperis* is approved.' " (quoting McDowell v. Lugo-Janer, No. 6:07-cv-838-Orl-19KRS, 2007 WL 4557178, \*1 (M.D. Fla. Dec.

20, 2007)). Accordingly, the Clerk issuing a summons in this case would be premature and Plaintiff's objection is overruled.

In sum, the Court overrules Plaintiff's objections that she has unconstitutionally failed to receive fair and equal treatment in her case (Doc. No. [8], 4). Rejecting the Magistrate Judge's recommendation on these grounds is unwarranted and Plaintiff's objections on these issues are hereby overruled.

### 2. Plaintiff's Objections Regarding Her IFP Status

Plaintiff does, however, raise an objection to the Magistrate's determination that she does not qualify as indigent (id. at 2–3), and the Court agrees with Plaintiff. Thus, the Court grants her IFP status and will consider her application's complaint for non-frivolous claims.

**\*5** Initially, the Court makes clear that the Magistrate Court was correct to conduct a searching review of Plaintiff's financial affidavit to determine if IFP status ought to be afforded. The Court has no intention of communicating that Magistrate Judges should not closely scrutinize IFP financial affidavits. In fact, such scrutiny is required given that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. at 324. Close review is further appropriate because proceeding IFP is a privilege, not an entitlement, for which courts have discretion to grant. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council 506 U.S. 194, 198 (1993); 28 U.S.C. § 1915(a)(1) (stating that courts "*may* authorize the commencement" of IFP actions (emphasis added)).

Upon review of Plaintiff's amended financial affidavit and especially in the light of Plaintiff's representations in her objections to the Report and Recommendation, however, the Court disagrees with the Magistrate Judge's conclusion that IFP status should be withheld from Plaintiff here. While Plaintiff did not fully complete her financial affidavit, the Court is not convinced that if the omitted information had been included (*i.e.*, the value of her household's cars and whether Plaintiff has used non-attorney services in connection with this case) that Plaintiff would be deemed able to pay for her case. Instead, Plaintiff attests in her objections to the Recommendation that "Plaintiff is unemployed, her husband receives Social Security Disability, and there are no funds available to pay all of the household bills, much less court fees." Doc. No. [8], 2. While the Magistrate did not have the advantage of Plaintiff's representation in assessing her IFP financial affidavit, the Court finds this representation, in conjunction with the information in Plaintiff's financial affidavit, supports affording IFP status.

Plaintiff also indicates in support of her IFP status that she has been appointed counsel for indigency in her criminal case. Id. at 3. While somewhat unclear, but the Court understands Plaintiff to be stating that she has qualified as indigent in the criminal proceedings underlying her IFP application and thus should be considered indigent for purposes of proceeding IFP. See id. ("Plaintiff['s] eligibl[ility] for a private attorney by the State of Georgia Public Defender's Atlanta Office, then [makes] the Plaintiff eligible for indigency status in this civil matter as well."). There is some indirect support for Plaintiff's argument that qualifying as indigent in one proceeding supports a finding of indigency in another court proceeding. Cf. Winford v. Samuel, No. 3:16-CV-816-J-34PDB, 2017 WL 11221332, at \*1 (M.D. Fla. Aug. 30, 2017) ("Having found [petitioner] is eligible to proceed IFP in another case, the Court finds he is eligible to proceed IFP in these cases."); Johns v. United States, No. CIV.A. 09-0386-WS-C, 2011 WL 1344245, at \*1 (S.D. Ala. Apr. 8, 2011) ("[Petitioner] has established his indigency, the undersigned having appointed the Federal Public Defender to represent the incarcerated petitioner in this matter on October 13, 2010."); United States v. Catalano, No. 8:04-CR-348-T-24TGW, 2010 WL 11519651, at \*1 (M.D. Fla. Mar. 1, 2010) (discussing, under the Federal Rules of Appellate Procedure, that an indigency determination at the district court may apply to *in forma pauperis* status on appeal if there is a good faith basis for the appeal). Thus, while certainly not sole basis for the Court's decision, Plaintiff's appointment of criminal counsel also supports granting her IFP status.

**\*6** Because the Court disagrees with the Magistrate Judge's order (Doc. No. [4]) determining that IFP status could not be granted on Plaintiff's application, this order must be vacated to the extent that Plaintiff's failure to follow the order cannot be a basis for dismissing her case. The Court thereby rejects the Magistrate Judge's Recommendation (Doc. No. [6]) and grants Plaintiff IFP status for purposes of dismissing her case (given the ultimate consideration of her complaint, discussed *infra*).[8]

### B. Plaintiff's Complaint Fails to Assert a Non-Frivolous Claim Against the Sole Named Defendant

The Court has now granted Plaintiff IFP status. An indigency determination, however, is not the only requirement for Plaintiff to file a case under 28 U.S.C. § 1915. In fact, Plaintiff's complaint must state a non-frivolous claim of relief. See, e.g., Fisher v. Equifax Servs. LLC, No. 115CV00233TWTGGB, 2015 WL 13777724, at *2 (N.D. Ga. Feb. 18, 2015), report and recommendation adopted, No. 1:15-CV-233-TWT, 2015 WL 13777723 (N.D. Ga. Mar. 9, 2015); Edwards v. Sneed, No. CIV.A.1:08CV1294TWT, 2008 WL 1902064, at *1 (N.D. Ga. Apr. 25, 2008). Again, an IFP complaint must be dismissed if it is frivolous, fails to state a claim for relief, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff asserts various constitutional claims under Section 1983 and other state law actions for damages against one named Defendant, the State of Georgia. The State of Georgia, however, enjoys sovereign immunity for claims filed by citizens of other states and citizens of its own state under the Eleventh Amendment. Lake v. Skelton, 840 F.3d 1334, 1337 (11th Cir. 2016) ("A state is immune from a suit for damages in federal court by one of its own citizens[.]" (citing Hans v. Louisiana, 134 U.S. 1, 14–17 (1890))). The State of Georgia has not waived its sovereign immunity in federal courts, O.C.G.A. § 50-21-23(b), and Congress did not abrogate sovereign immunity in passing Section 1983. Presnell v. Paulding Cnty., 454 F. App'x 763, 766 (11th Cir. 2011) (citing Robinson v. Georgia Dept. of Transp., 966 F.2d 637, 640 (11th Cir. 1992)). Thus, as the primary relief requested against the State of Georgia is monetary damages, Plaintiff's claims are barred by sovereign immunity.[9] Thus, Plaintiff's application to proceed IFP is denied under 28 U.S.C. § 1915(e)(2)(B) and this case is dismissed.

### C. Plaintiff's Motions for a Pre-Trial Conference and Expedited Status Conference

**\*7** Plaintiff's remaining motions seek a pre-trial conference and scheduling order (Doc. No. [9]) and an expedited status conference (Doc. No. [10]). As the Court has determined Plaintiff's application to proceed IFP must be denied and her complaint dismissed, these motions pertaining to scheduling matters are now **MOOT**. Accordingly, the Court **DENIES** Plaintiff's motions. Doc. Nos. [9]; [10].

### IV. CONCLUSION

For the foregoing reasons, to the extent necessary, the Court **VACATES** the Magistrate's Order denying Plaintiff IFP status based on her most recent financial affidavit and objections to the Report and Recommendation. Doc. No. [4]. The Court **REJECTS** the Magistrate's Recommendation to deny Plaintiff IFP status and dismiss the case. Doc. No. [6]. In its discretion, the Court **GRANTS** Plaintiff IFP status for purposes of **DENYING** her IFP application and **DISMISSING WITHOUT PREJUDICE** her complaint as it is frivolous and fails to state a claim. See Doc. Nos. [1], [3].

Because Plaintiff is proceeding *pro se*, the Court **GRANTS** Plaintiff leave to file an amended complaint within **fourteen (14) days** of the date of the Order. If the Plaintiff files such an amended complaint in the time allowed, the Clerk is **DIRECTED** to reopen the case and resubmit the matter to the Court for frivolity review. The Court warns Plaintiff that a failure to correct the deficiencies identified in this Order may result in a dismissal of the claims with prejudice. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Finally, given that the Court dismisses Plaintiff's case, the Court also **DENIES AS MOOT** Plaintiff's Motions for a Pre-Trial Conference and Scheduling and for an Expedited Status Conference. Doc. Nos. [9]; [10].

**IT IS SO ORDERED** this 30th day of May, 2023.

**All Citations**

Slip Copy, 2023 WL 4539770

---

### Footnotes

1   All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

| | |
|---|---|
| 2 | The Complaint was also separately added to the docket with the Report and Recommendation on November 9, 2022. See Doc. No. [5]. |
| 3 | Plaintiff asserts that a jury trial had been scheduled for April 14, 2020. Doc. No. [1-1], 5. While not in Plaintiff's complaint and thereby not considered for purposes of resolving the motions in this Order, the Court acknowledges that this trial date was in the beginning of the Covid-19 pandemic. |
| 4 | Although Congress used the word "prisoner," Section 1915 also applies to non-prisoner indigent litigants. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). |
| 5 | Decisions of the former Fifth Circuit issued prior to October 1, 1981, are binding precedent on this court. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981). |
| 6 | The Standing Order can be found on the Court's website, under the "Standing Orders" section. See https://www.gand.uscourts.gov/content/standing-order-18-01. |
| 7 | The Court is aware of some debate over a Magistrate Judge's authority to enter an order directly denying IFP status. See Sanders v. Bayview Loan Servicing, LLC, No. 119CV01008LMMAJB, 2019 WL 2354969, at *2 n.2 (N.D. Ga. Mar. 5, 2019). Here, however, the Magistrate Judge only *recommended* dismissing Plaintiff's IFP application, she did not order it, and thus the Court need not weigh in on this issue. |
| 8 | Under other circumstances the Court would vacate the Magistrate Judge's order and resubmit Plaintiff's IFP affidavit to the Magistrate Judge for review in the light of the representations made in Plaintiff's objections to the Report and Recommendation. Given the length of time that this IFP application has been pending, however, and that the Court ultimately determines there is no substantive claim asserted in Plaintiff's complaint, the Court chooses to expedite its frivolity review of Plaintiff's complaint by granting her IFP status for purposes of dismissing her complaint. |
| 9 | To the extent that Plaintiff requests injunctive relief—*e.g.*, for the Court to "[e]nter an order for the Defendant to dismiss the criminal case against the Plaintiff with prejudice" or "[e]nter an order for an independent and professional ethical investigation in this matter" (Doc. No. [1-1], 10)—the Court cannot order such relief. Plaintiff indicates that her criminal case is ongoing. Id. at 5 (stating that no jury trial had been held and that the case was still open as of December 1, 2021). There is no suggestion that the criminal case against Plaintiff has been closed—and, in fact, the relief requested (an order dismissing the criminal case) implies that the proceedings are ongoing. A federal court should not interfere with ongoing state criminal proceedings that implicate a state interest and in which there is opportunity to raise the federal claim. See Leonard v. Ala. State Bd. of Pharmacy, 61 F.4th 902, 907 (11th Cir. 2023). Plaintiff has not alleged such bad faith, harassment, or irreparable injury that would permit the Court to interfere with the ongoing prosecution. See, e.g., Kyser v. Florida, No. 3:09CV56/MCR/MD, 2009 WL 762199, at *2 (N.D. Fla. Mar. 19, 2009). Accordingly, to the extent Plaintiff requests injunctive relief, the Court cannot grant such relief. |

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.