**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SCOTT PHILLIP LEWIS,

                     Plaintiff,

     -v-                                    8:24-CV-69 (AMN/DJS)

R.L. VALLEE, INC. d/b/a MAPLEFIELDS,

                     Defendant.

**APPEARANCES:**                                 **OF COUNSEL:**

**SCOTT PHILLIP LEWIS**
1936 Saranac Ave., #3 PMB 411
Lake Placid, NY 12946
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On January 16, 2024, Plaintiff *pro se* Scott Phillip Lewis commenced this action against R.L. Vallee, Inc. d/b/a Maplefields ("Defendant"). *See* Dkt. No. 1. Plaintiff alleges that while working part-time at Defendant's store: (1) Defendant discriminated against him in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq*.; (2) Defendant violated his rights under Section 50 of the New York Civil Rights Law ("Section 50"); and (3) Defendant's assistant store manager defamed him. *See generally id.*[1] Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to United States Magistrate Judge

---

[1] For a recitation of Plaintiff's allegations in the Complaint, the parties are referred to the Report-Recommendation. *See* Dkt. No. 11 at 3-4.

Daniel J. Stewart.  *Id.*  On January 23, 2024, Plaintiff submitted a letter request that a proposed summons be issued, Dkt. No. 5, which Magistrate Judge Stewart denied, Dkt. No. 6 ("January Order").  Following the denial, Plaintiff filed a motion for reconsideration and a supporting memorandum of law.  Dkt. Nos. 7-8.

On February 20, 2024, Magistrate Judge Stewart granted Plaintiff's application to proceed IFP, denied Plaintiff's motion for reconsideration, and issued a Report-Recommendation and Order ("Report-Recommendation") recommending that Plaintiff's Complaint be dismissed with leave to amend.  *See* Dkt. Nos. 9-11.  On February 28, 2024, Plaintiff filed a motion to waive PACER fees, Dkt. No. 12, which Magistrate Judge Stewart denied, Dkt. No. 13.  Plaintiff has timely filed objections to the Report-Recommendation and has appealed the Magistrate Judge's orders denying his request for the issuance of a summons and his motion to waive PACER fees. Dkt. Nos. 14-16.

For the reasons set forth below, the Report-Recommendation is adopted in its entirety and Plaintiff's appeals are denied.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See id*. at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, when a party files "[g]eneral or

conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendation for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing [ ] a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14,

2022).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

### A.   Objections to the Report-Recommendation

Plaintiff has not raised any objections to the facts or the legal framework set forth in the Report-Recommendation.  *See generally* Dkt. No. 15.  Therefore, the Court adopts Magistrate Judge Stewart's summary of the factual background and applicable law and presumes familiarity with those matters for the purposes of this decision.  *See* Dkt. No. 11.

#### 1.   ADA Claim

Magistrate Judge Stewart concluded that Plaintiff's ADA claim should be dismissed with leave to amend because Plaintiff did not allege that he filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") and Plaintiff did not attach a copy of a right to sue letter to the Complaint.  Dkt. No. 11 at 4-5.[2]  Plaintiff objects to Magistrate Judge Stewart's conclusion and contends that requiring a right to sue letter prior to commencing a civil action violates his Seventh Amendment right "to a jury trial in Federal civil cases."  Dkt. No. 15 at 2-3.

Upon *de novo* review, the Court agrees with Magistrate Judge Stewart that Plaintiff's ADA claim should be dismissed.  First, "the right to a jury trial as guaranteed by the Seventh Amendment is not violated by requiring a plaintiff to administratively exhaust his claims before bringing them

---

[2] *See also Garcia v. Coca-Cola Bottling Co. of New York*, No. 96 Civ. 6072 (AGS), 1998 WL 151032, at *2 (S.D.N.Y. Mar. 31, 1998) ("It is well established that a plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding in federal district court"); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) ("In order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC.") (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(f)(1)).

to federal court." *Lewis v. Redline Hockey, LLC d/b/a USA Hockey Store & USA Spirit Shop, et al.*, No. 8:24-CV-68 (BKS/DJS), 2024 WL 1652491, at *2 (N.D.N.Y. Apr. 17, 2024) (citing *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) ("[T]he Seventh Amendment's guarantee of the right to the ultimate determination of issues of fact by the jury does not extend to the threshold issue[s]," like administrative exhaustion, "that courts must address to determine whether litigation is being conducted in the right forum at the right time.") (citations and quotation marks omitted)). However, the Court finds that Plaintiff's "failure to allege sufficient facts regarding exhaustion is not *necessarily* fatal to Plaintiff's [ADA] claim." *Redline Hockey, LLC*, 2024 WL 1652491, at *2 (emphasis in original); *id*. ("Administrative exhaustion in the . . . ADA context 'is not a jurisdictional [prerequisite], but only a precondition to bringing [suit] . . . that can be waived by the parties or the court.'") (quoting *Anderson v. City of New York*, No. 22 CIV. 3990 (NSR), 2024 WL 183103, at *6 n.6 (S.D.N.Y. Jan. 17, 2024)); *see also Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (reversing the district court's *sua sponte* dismissal of the plaintiff's "Title VII claims for failure to exhaust, or plead other facts that would relieve him of the obligation to file a complaint with the EEOC" because "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense").

Nevertheless, Plaintiff's ADA claim should be dismissed because Plaintiff has not sufficiently pled facts establishing that he is disabled within the meaning of the ADA or that he was denied a reasonable accommodation. The ADA authorizes a private claim when an employer fails to make "reasonable accommodations to the known physical or mental limitations" of a disabled employee. Dkt. No. 1 at ¶ 19.[3] "To establish a *prima facie* case of disability

---

[3] Plaintiff cites the statutory provision as "42 U.S.C. § 12112(5)(A)," Dkt. No. 1 at ¶ 19, however he references the provision at 42 U.S.C. § 12112(b)(5)(A).

discrimination in a reasonable accommodation case, 'the plaintiff's burden requires a showing that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" *Lewis v. Affiliated Enter. Sols.*, *et al*., No. 8:24-CV-61 (BKS/DJS), 2024 WL 1652460, at *3 (N.D.N.Y. Apr. 17, 2024) (quoting *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 183-84 (2d Cir. 2006)).  "For purposes of a reasonable accommodation claim, a disability under the ADA is defined as 'a physical or mental impairment that substantially limits one or more major life activities of such individual' or 'a record of such an impairment.'" *Id.* at *4 (quoting 42 U.S.C. §§ 12102(1)(A), (B)).

Here, as to disability, Plaintiff alleges that in 2015 he was "involved in a hit and run accident . . . leaving [him] with a concussion and traumatic brain injury," and the hit and run incident led to "a progressive increase in attention-deficit/hyperactivity disorder ("ADHD") symptoms associated with the post-traumatic stress disorder ("PTSD") from the accident."  Dkt. No. 1 at ¶¶ 12-13.  Plaintiff further alleges that he "developed an alcohol abuse disorder," and that the "symptoms of PTSD and ADHD" worsened on or around July 2018.  *Id.* at ¶¶ 14-15.  Additionally, Plaintiff alleges that he was "diagnosed with ADHD and PTSD prior to employment at [Defendant's store and m]anagement was aware of the mental impairments at all times during and after Plaintiff's employment," and "[b]ecause management perceived Plaintiff as being disabled, he was not afforded an opportunity to use his prior work experiences and strengths and was discriminated against."  *Id.* at ¶¶ 18, 22.

Plaintiff does not allege that his ADHD, PTSD, or alcohol abuse disorder have "substantially limited" a major life activity.  Therefore, Plaintiff's allegations are insufficient to

plead a disability under the ADA, 42 U.S.C. §§ 12102(1)(A), (B). *See Affiliated Enter. Sols.*, 2024 WL 1652460, at *4 (finding that Plaintiff's almost identical allegations in another case were insufficient to allege that Plaintiff was disabled because Plaintiff did not describe how his ADHD, PTSD, or alcohol abuse disorder substantially limited a major life activity); *Redline Hockey, LLC*, 2024 WL 1652491, at *3 (finding, in another case brought by Plaintiff, that his "assertions that he had been diagnosed with ADHD and . . . subsequently diagnosed with PTSD after [his] employment ended, without additional factual allegations to show how a major life activity is or was substantially limited by such conditions," were insufficient to allege a disability under the ADA).

Additionally, Plaintiff does not allege he requested and was denied a reasonable accommodation. "A reasonable accommodation is one that 'enable[s] an individual with a disability who is qualified to perform the essential functions of that position.'" *Affiliated Enter. Sols.*, 2024 WL 1652460, at *4 (quoting 29 C.F.R. § 1630.2(o)(1)(ii)).[4] Here, Plaintiff merely alleges that management did not afford him "an opportunity to use his prior work experiences and strengths" and that he was "not afforded [an] opportunity congruent with [his] skill level and past work experience." *See* Dkt. No. 1 at ¶¶ 22-23. These facts are insufficient to allege that Plaintiff was denied a reasonable accommodation. *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 609 (E.D.N.Y. 2013) (dismissing a reasonable accommodation claim where "[n]otably

---

[4] Examples of reasonable accommodations include "'[m]aking existing facilities used by employees readily accessible to and usable by individuals with disabilities' as well as '[j]ob restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; appropriate adjustment or modifications of examinations, training materials, or policies; [and] the provision of qualified readers or interpreters.'" *Affiliated Enter. Sols.*, 2024 WL 1652460, at *4 (quoting 29 C.F.R. §§ 1630.2(o)(2)(i), (ii)).

absent from plaintiff's [c]omplaint [were] any allegations that plaintiff requested a reasonable accommodation or that [her employer] refused to make such an accommodation").

Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that Plaintiff's ADA claim should be dismissed with leave to amend.

### 2.  Right to Privacy

Magistrate Judge Stewart found that Plaintiff's Complaint "fails to allege facts that would support a claim under Section 50" of the New York Civil Rights Law.  Dkt. No. 11 at 5-6.  Plaintiff objects to Magistrate Judge Stewart's conclusion and contends that his Section 50 claim should not be dismissed because he "alleged [that] recordings from video surveillance cameras owned and operated by Defendant were shared via social media for advertisement and trade purposes." Dkt. No. 15 at 3-4 (citing Dkt. No. 1 at ¶¶ 7, 28-32).

Upon *de novo* review, the Court agrees with Magistrate Judge Stewart that Plaintiff's Section 50 claim should be dismissed.  Dkt. No. 11 at 6.  "Section 50 of the New York Civil Rights Law states that: 'A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person . . . is guilty of a misdemeanor.'"  *Redline Hockey, LLC*, 2024 WL 1652491, at *4 (quoting N.Y. Civ. Rights Law § 50).

Magistrate Judge Stewart noted that "the statute applies only in cases where the defendant uses the plaintiff's identity in a manner that conveys or reasonably suggests the subject's endorsement of the publication in question."  Dkt. No. 11 at 5-6 (quoting *Yantha v. Omni Childhood Ctr., Inc.*, No. 13-CV-1948 (ARR) (JMA), 2013 WL 5327516, at *9 (E.D.N.Y. Sept. 20, 2013)).  Magistrate Judge Stewart correctly found that Plaintiff's allegations fall short of this standard because Plaintiff did not, for example, "identify where the footage was allegedly shared

or what the content of the footage was." *Id.* at 6; *see also Redline Hockey, LLC,* 2024 WL 1652491,

at *4 (adopting Magistrate Judge Stewart's report-recommendation that Plaintiff's allegation that

defendants recorded "him without consent for entertaining purposes" was insufficient to allege a

claim under Section 50 because Plaintiff did not allege facts suggesting "his name, portrait, picture,

or voice were used for advertising or trade purposes").

Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that Plaintiff's

Section 50 claim should be dismissed with leave to amend.

### 3.  Defamation

Magistrate Judge Stewart recommended that Plaintiff's defamation claim be dismissed

with leave to amend because his allegations lacked the "level of specificity" required to plead the

elements of a defamation claim.  Dkt. No. 11 at 6-7.  Plaintiff objects to Magistrate Judge Stewart's

conclusion and contends that his allegations that Defendant "made a knowingly false statement to

the New York State police concerning Plaintiff" and that the false statements injured him, are

sufficient to state a claim for defamation.  Dkt. No. 15 at 4.

 "Under New York law, to state a claim for defamation, a plaintiff must allege '(1) a written

[or spoken] defamatory statement of and concerning the plaintiff, (2) publication to a third party,

(3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability.'"

*Redline Hockey, LLC*, 2024 WL 1652491, at *5 (quoting *Palin v. N.Y. Times Co*., 940 F.3d 804,

809 (2d Cir. 2019)).  Plaintiff alleges that around December 2023, he "confronted [the] assistant

manager over the use of the cameras in the store" and the assistant manager "threatened to call the

police."  Dkt. No. 1 at ¶¶ 38-39.  Plaintiff alleges that the assistant manager of Maplefields "made

false statements regarding this altercation" and Plaintiff was told by the manager at Maplefields

that he was not allowed inside the store.  *Id.* at ¶¶ 40-41.  Plaintiff further alleges that the manager

"insinuated that the New York State Police were . . . involved" based on the "false defamatory statements made by the assistant manager." *Id.* at ¶ 42.[5]

Magistrate Judge Stewart noted that in "assessing whether a defamation claim has been plead with sufficient particularity, courts look to whether said complaint references the alleged defamatory statement, identifies who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing and whether it was made to a third party." Dkt. No. 11 at 5-6 (quoting *Bloom v. Fox of Los Angeles*, 528 F. Supp. 2d 69, 74 (E.D.N.Y. 2007)). Magistrate Judge Stewart concluded that Plaintiff's allegations are insufficient to allege a claim of defamation with "sufficient particularity" because they fail to "identify the speaker, the allegedly defamatory words, or when and to whom the statements were made." *Id.*  Upon *de novo* review, the Court agrees with Magistrate Judge Stewart that Plaintiff has failed to adequately allege a defamation claim.

Accordingly, the Court adopts Magistrate Judge Stewart's recommendation that Plaintiff's defamation claim should be dismissed with leave to amend.

### B. Appeals of the Magistrate Judge's Decisions

Plaintiff also appeals: (1) Magistrate Judge Stewart's January Order denying Plaintiff's requests to issue summonses in several cases filed in this District; and (2) Magistrate Judge Stewart's text order denying Plaintiff's motion to waive PACER fees.  *See* Dkt. Nos. 14, 16.  In *Redline Hockey, LLC*, Plaintiff also appealed the January Order denying his request to issue summonses and Magistrate Judge Stewart's order denying Plaintiff's motion to waive PACER fees.

---

[5] The Court has also reviewed the audio recording Plaintiff submitted to the Court, Exhibit A, which was referenced in the Complaint, *see* Dkt. No. 1 at ¶ 42.

As to the January Order, Chief United States District Judge Brenda K. Sannes explained that Magistrate Judge Stewart "correctly applied the law" in denying Plaintiff's request because "[c]ourts in the Second Circuit have found that a '[p]laintiff's action was not properly filed until this Court granted his IFP application.'" *Redline Hockey, LLC*, 2024 WL 1652491, at *5 (quoting *Perkins v. Napoli*, No. 8-cv-6248, 2012 WL 5464607, at *3 (W.D.N.Y. Nov. 8, 2012)); *see also* Dkt. No. 6 at 3 (Magistrate Judge Stewart explaining that for purposes of Rule 4(b) of the Federal Rules of Civil Procedure, a complaint is considered filed "when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court") (quotation omitted).

As to the Magistrate Judge's text order denying Plaintiff's motion to waive PACER fees, Plaintiff argues that: (1) the January Order cites to a case as "*Arroyo v. Georgia*, 2023 WL 4539770, at *4 (N.D. Ga. May 30, 2023)," and because this citation failed to provide the docket number Plaintiff had to "search[ ] for an unknown docket number . . . accruing fees in the process," Dkt. No. 12, at 1-2 (citing Dkt. No. 6, at 3); and (2) his PACER fees should be waived because he is indigent and his IFP application was granted. *Id.* at 2-3 (citing Dkt. No. 9).

Plaintiff made the same arguments in *Redline Hockey, LLC*, which Chief Judge Sannes rejected, finding that Magistrate Judge Stewart's decision to deny Plaintiff's motion to waive PACER fees was "not clearly erroneous or contrary to law." 2024 WL 1652491, at *7. Chief Judge Sannes explained that PACER provides "four automatic fee exemptions." *Id.* (citing *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99 (S.D.N.Y. 2014).[6] Additionally, a plaintiffs *in forma*

---

[6] *See also* Options to Access Records If You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed April 23, 2024) (noting that there is "no charge for [users] accessing up to $30 in chargers per [quarterly billing cycle]").

*pauperis* status alone is insufficient to waive PACER fees without demonstrating why an exemption "'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" *Id.* (quoting *In re Club Ventures Invs. LLC*, 507 B.R. at 99). Chief Judge Sannes found that Plaintiff "failed to explain why the automatic exemptions [were] not sufficient for his purposes" and denied Plaintiff's appeal of Magistrate Judge Stewart's denial of Plaintiff's motion for a waiver of PACER fees. *Id.* (citing *Oliva v. Brockwood Coram I, LLC*, No. 14-CV-2513 (JMA) (AYS), 2015 WL 1966357, at *2 (E.D.N.Y. Apr. 30, 2015) ("Because [the plaintiff] does not explain how that level of access is insufficient for his purposes, he falls short of establishing that the regular usage fee constitutes an unreasonable burden.")).

The Court finds that Chief Judge Sannes' reasoning also applies in this case. Accordingly, Plaintiff's appeals of Magistrate Judge Stewart's Orders are denied. *See Affiliated Enter. Sols.*, 2024 WL 1652460, at *6 (denying Plaintiff's appeal of the January Order and appeal of the denial of Plaintiff's motion to waive PACER fees); *Lewis v. Adirondack Medical Center d/b/a Adirondack Health*, No. 8:24-CV-27 (BKS/DJS), 2024 WL 1652458, at *4 (N.D.N.Y. Apr. 17, 2024) (denying Plaintiff's appeal of the January Order); *Lewis v. Citizens United Inc.*, No. 8:24-CV-29 (DNH), 2024 WL 1639857, at *1 (N.D.N.Y. Apr. 16, 2024) (same).

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 11, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the date of this Order.  Any amended complaint must be a complete pleading which will replace the current complaint in total; and the Court further

**ORDERS** that if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to timely file an amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's appeal, Dkt. No. 14, of Magistrate Judge Stewart's Order, Dkt. No. 6, is **DENIED** in its entirety; and the Court further

**ORDERS** that Plaintiff's appeal, Dkt. No. 16, of Magistrate Judge Stewart's Order, Dkt. No. 13, is **DENIED** in its entirety; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 23, 2024</u>
     Albany, New York

Anne M. Nardacci
U.S. District Judge